**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| YOLANDA ORTEGA, | : | Civil No. 03-4172 (DMC) |
|  | : |  |
| Petitioner, | : |  |
|  | : | **OPINION** |
| v. | : |  |
|  | : |  |
| JOHN ASHCROFT, et al., | : |  |
|  | : |  |
| Respondents. | : |  |

**APPEARANCES**:

       YOLANDA ORTEGA, Petitioner Pro Se
       597 Hamilton Street
       Somerset, New Jersey  08873

**CAVANAUGH**, District Judge

       Petitioner Yolanda filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241

challenging her removal.  For the reasons set forth below, the Court dismisses the Petition.

**I.  BACKGROUND**

       Petitioner is a citizen of the Dominican Republic who was admitted to the United States

in May 1987 as a conditional resident.  She attained lawful permanent resident status in February

1989.  On August 12, 1991, she was convicted of prostitution in violation of Section 230.00 of

New York State Penal Laws, and on August 23, 1995, she was convicted of criminal possession

of a controlled substance in the seventh degree, contrary to Section 220.03 of the New York State

Penal Laws.  On October 1, 1999, an Immigration Judge found Petitioner removable on three

grounds, i.e., conviction of a crime of moral turpitude, conviction of a crime relating to a

controlled substance, and having engaged in prostitution within 10 years of the date of application for visa, admission or adjustment of status.  See 8 U.S.C. §§ 1182(a)(2)(A)(i)(I), 1182(a)(2)(A)(i)(II), 1182(a)(2)(D)(i).  The Immigration Judge also determined that Petitioner was not eligible for cancellation of removal under 8 U.S.C. § 1229b(a)(2) because she failed to establish her continuous residence in this country for seven years after being admitted.

Petitioner appealed and in a decision dated April 8, 2003, the Board of Immigration Appeals ("BIA") dismissed the appeal.  The BIA agreed with the IJ's ruling that Petitioner was not eligible for cancellation of removal under 8 U.S.C. § 1229b(a).  The BIA reasoned that, because Petitioner's conviction on August 12, 1991, for prostitution ended her continuous residence as of the date of the commission of the offense, she failed to establish her continuous residence in this country for seven years after being admitted, and she was therefore not eligible for cancellation of removal under 8 U.S.C. § 1229b(a).  See 8 U.S.C. § 1229b(d)(1).

Petitioner filed a motion to reconsider the decision.  By order filed August 5, 2003, the BIA denied the motion because the matters sought to be raised in the motion should have been raised on appeal and because the record provided no support for Petitioner's assertion that she is a national of the United States or that she is statutorily eligible for relief from removal.

Petitioner challenges her removal on the following grounds:  (1) she is eligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(a); (2) she is a national of the United States, not an alien who is subject to removal; (3) she is eligible for waiver of removal pursuant to Section 212(c), codified as 8 U.S.C. § 1182(c) (repealed Sept.30, 1996); and (4) she is eligible for waiver of removal pursuant to § 212(h), 8 U.S.C. § 1182(h);   Petitioner seeks a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 vacating the order of removal.

## II.  DISCUSSION

A.  Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief [and] state the facts supporting each ground."  28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Rule 1(b).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856; Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4 (amended Dec. 1, 2004), applicable through Rule 1(b).

B.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless
> – . . . He is in custody in violation of the Constitution or laws or
> treaties of the United States.

28 U.S.C. § 2241(c)(3).

A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).

A district court has subject matter jurisdiction to entertain a § 2241 petition filed by an alien challenging a final order of removal on constitutional grounds.  See Immigration and Nationality Service v. St. Cyr, 533 U.S. 289 (2001); Gerbier v. Holmes, 280 F.3d 297, 302 (3d Cir. 2002).  Moreover, an alien subject to a final order of removal is "in custody," whether or not he is in the physical custody of the INS.  See Chmakov v. Blackman, 266 F.3d 210, 212, 213 n.4 (3d Cir. 2001); Mustata v. United States Dep't of Justice, 179 F.3d 1017, 1022 n.4 (6th Cir. 1999); Nakaranurack v. United States, 68 F.3d 290, 293 (9th Cir. 1995).  Accordingly, this Court has subject matter jurisdiction over this action.

C.  The Merits

In this case, the IJ ordered Petitioner removed from the United States to the Dominican Republic on three independent grounds, i.e., 8 U.S.C. §§ 1182(a)(2)(A)(i)(I), 1182(a)(2)(A)(i)(II), and 1182(a)(2)(D)(i).  Section 1182(a)(2)(A)(i)(I) authorizes removal of an alien convicted of a crime of moral turpitude.  See 8 U.S.C. § 1182(a)(2)(A)(i)(I).  Section 1182(a)(2)(A)(i)(II) authorizes removal of an alien convicted of any crime relating to a controlled substance.  See 8 U.S.C. § 1182(a)(2)(A)(i)(II).[1]  Section 1182(a)(2)(D)(i) authorizes removal of an alien who "has engaged in prostitution within 10 years of the date of application for a visa, admission, or adjustment of status."  8 U.S.C. § 1182(a)(2)(D)(i).  Because Petitioner was removed based on three grounds, to prevail in this Petition she must defeat all three grounds.

---

[1] Under 21 U.S.C. § 802(6), the term "controlled substance" means "a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of this subchapter," excluding distilled spirits, wine, malt beverages, or tobacco.  Cocaine in any quantity is a drug included in Schedule II(a)(4).  See 21 U.S.C. § 812(b)(2) & (c).

First, Petitioner argues that the BIA erred in determining that she was not eligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(a).  Section 1229b(a) authorizes cancellation of removal if an alien satisfies three requirements:  (1) the alien has been lawfully admitted for permanent residence for not less than 5 years, (2) the alien has resided in the United States continuously for 7 years after having been admitted in any status, and (3) the alien has not been convicted of an aggravated felony.  8 U.S.C. § 1229b(a).  The BIA determined that Petitioner was barred from applying for cancellation of removal under § 1229b(a) because she failed to establish her continuous residence in the United States for seven years.  See 8 U.S.C. § 1229b(a)(2).  The BIA applied a 1996 amendment, see 8 U.S.C. § 1229b(d)(1), and ruled that Petitioner's conviction on August 12, 1991, for prostitution ended her continuous residence as of the date of the commission of the offense.

In 1996, Congress changed how the continuous physical presence test was calculated.  See 8 U.S.C. § 1229b(d).  Section 1229b(d)(1) provides that "any period of continuous residence or continuous physical presence in the United States shall be deemed to end (A) . . . "when the alien is served a notice to appear under section 1229(a) of this title, or (B) when the alien has committed an offense referred to in section 1182(a)(2) of this title that renders the alien inadmissible . . . or removable . . . under section 1227(a)(2) or 1227(a)(4) of this title, whichever is earliest."  8 U.S.C. § 1229b(d)(1).  In Pinho v. INS, 249 F.3d 183 (3d Cir. 2001), the Third Circuit upheld application of the new stop-time rule to all cases pending on or brought after September 30, 1996.  This Court finds that the BIA properly applied the stop-time rule to Petitioner's application for cancellation of removal under § 1229b(a) and properly determined that she failed to satisfy the seven-year continuous residence requirement under § 1229b(a).

Second, Petitioner also contends that she is not an alien but a national of the United

States.  The Immigration and Nationality Act defines an "alien" as "any person not a citizen or

national of the United States."  8 U.S.C. § 1101(a)(3).  The Act defines "national" as "(A) a

citizen of the United States, or (B) a person who, though not a citizen of the United States, owes

permanent allegiance to the United States."  8 U.S.C. § 1101(a)(22).  Petitioner contends that she

is a national because she applied for and was denied citizenship.  However, a person can become

a "national of the United States" only through birth in a territory of the United States or full

naturalization.  See Salim v. Ashcroft, 350 F.3d 307, 310 (3d Cir. 2003).  Because Petitioner did

not attain full naturalization, she is not a national and she is not entitled to habeas relief on the

ground that she is a national of the United States.

Petitioner's remaining arguments do not warrant habeas relief because exhaustion of

administrative remedies is a prerequisite to habeas relief  and Petitioner did not exhaust these

issues before the BIA.  See Duvall v. Elwood, 336 F.3d 228 (3d Cir. 2003); Yi v. Maugans, 24

F.3d 500, 503-04 (3d Cir. 1994).  Specifically, Petitioner argues in Ground Three that she is

eligible for waiver of removal pursuant to Section 212(c), codified as 8 U.S.C. § 1182(c)

(repealed Sept.30, 1996).[2]  The documents show that her application for a § 212(c) waiver is

dated May 8, 2004, after the BIA denied her appeal on April 8, 2003, and denied her motion to

reconsider on August 5, 2003.  Because Petitioner did not raise this issue before the IJ and the

---

[2] In any event, § 212(c) of the INA was repealed by § 304(b) of the Illegal Immigration
Reform and Immigrant Responsibility Act ("IIRIRA"), Pub. L. No. 104-208, § 304(b), 110 Stat.
3009-597 (Sept. 30, 1996), and by its terms, remains applicable only to certain removal
proceedings initiated prior to its effective date of April, 1, 1997.  See IIRIRA, Pub. L. No. 104-
208, § 309(a), (c); Steele v. Blackman, 236 F.3d 130 133-134 (3d Cir. 2001).  Because
Petitioner's removal was initiated after April 1, 1997, § 212(c) would have been  categorically
unavailable to her.

BIA, she cannot raise it here.[3]  Similarly, this Court cannot consider Petitioner's argument that

she is eligible for waiver of removal pursuant to § 212(h), codified at 8 U.S.C. § 1182(h),

because she did not exhaust it before the Immigration Judge and the BIA.[4]

### III.  CONCLUSION

Based on the foregoing, Petitioner is not entitled to relief under 28 U.S.C. § 2241 and the

Court will summarily dismiss the Petition.


4/27/05                                          S/ Dennis M. Cavanaugh
                                                 DENNIS M. CAVANAUGH, U.S.D.J.

---

[3] The order denying Petitioner's motion to reconsider provides that the "matters sought to be raised in this motion to reconsider could and should have been raised in conjunction with the respondent's appeal of [s]he wished to pursue them."

[4] Section 212(h) provides:  "The Attorney General may, in his discretion, waive the application of [subsection(a)(2)] insofar as it relates to a single offense of simple possession of 30 grams or less of marijuana if . . . in the case of an immigrant who is the spouse, parent, son, or daughter of a citizen of the United States or an alien lawfully admitted for permanent residence if it is established to the satisfaction of the Attorney General that the alien's denial of admission would result in extreme hardship to the United States citizen or lawfully resident spouse, parent, son, or daughter of such alien."  8 U.S.C. § 1182(h)(1)(B).